**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.:  6:18-cv-01122-PGB-DCI**

YOLDAS ASKAN,

      Plaintiff,

v.

FARO TECHNOLOGIES, INC.,

      Defendant.

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff YOLDAS ASKAN, by and through its undersigned counsel, hereby files this Motion for Leave to Amend Complaint [DE 1], and states as follows:

1. Plaintiff filed his Complaint on June 21, 2018.

2. Defendant moved to dismiss on August 13, 2018.

3. Plaintiff responded to the motion to dismiss on August 28, 2018.

4. The Court has not yet ruled on the motion to dismiss.

5. On October 26, 2018, plaintiff's prior counsel withdrew.

6. On November 7, 2018, plaintiff's new counsel entered appearances.

7. Plaintiff's new counsel prepared the attached complaint and exhibits which plaintiff believes address the issues raised in defendant's motion to dismiss and set forth a sufficient complaint for patent infringement.

**Certificate of Good Faith**

In accordance with Local Rule 7.1 the undersigned counsel certifies that it conferred with counsel for defendants prior to filing this motion who indicated that the defendants neither consented to nor opposed the relief sought and reserved the right to file another motion to dismiss the amended complaint.

**Memorandum of Law**

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be given freely when justice so requires. In interpreting Federal Rule of Civil Procedure 15(a), the United States Supreme Court has held that

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.... If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claim on the merits. In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 226 (1962).

Liberal amendment standards facilitate the "Federal Rules' overall goal of resolving disputes, insofar as possible, on the merits **in a single judicial proceeding**." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (emphasis added); *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999); *Foman*, 371 U.S. at 182. Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987). "District courts have only limited discretion to deny a party leave to amend the pleadings. *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1110 (11th Cir. 1996).

"In exercising its discretion with regard to the amendment of pleadings 'a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits rather than on the pleadings or technicalities.' "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). The United States Supreme Court has emphasized that this mandate is to be heeded. As this mandate is to be heeded, there must be a justifying reason, for a court to deny leave to amend." *Gill v. Kostroff*, 2000 U.S. Dist. LEXIS 1153 (M.D. Fla. 2000), *see also Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) (stating that a "substantial reason" is needed).

In the present matter, leave to amend should be granted because the amendment sought has not been filed in bad faith, purposes of delay or dilatory motive, and it will not prejudice any party to this action.

**WHEREFORE**, Plaintiff Yoldas Askan respectfully asks the Court for leave to amend the Complaint, and for all other relief deemed necessary by the Court.

Dated:  November 13, 2018                    Respectfully submitted,

*/s/  Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com
ALEXANDER C. COHEN
Florida Bar Number 1002715
alex.cohen@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431

561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Yoldas Askan*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 13, 2018, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN

## SERVICE LIST

Ms. Nicolette C. Vilmos
Nelson Mullins Broad and Cassel
390 North Orange Avenue
Suite 1400
Orlando, FL 32801
nicolette.vilmos@nelsonmullins.com
Attorney for FARO Technologies, Inc.