**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO.: 6:18-cv-01122-PGB-DCI**

YOLDAS ASKAN,

            Plaintiff,

v.

FARO TECHNOLOGIES, INC.,

            Defendant.

_____

**[PROPOSED] FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Yoldas Askan sues Defendant FARO Technologies, Inc. ("FARO") and states as follows:

**JURISDICTION AND VENUE**

1.      This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, et. seq.

2.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

3.      Venue properly lies within this Judicial District under 28 U.S.C. § 1400(a) because defendant FARO is a Florida corporation with its principal place of business in this district and a substantial part of the events or omissions giving rise to the claims in this suit occurred in this district.

**PARTIES**

4.      Plaintiff Yoldas Askan ("Askan"), is an individual residing at 51 Pinfold St., Suite 542, Birmingham, B2 4AY, United Kingdom.

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 NORTH FEDERAL HIGHWAY, BOCA RATON, FL 33431

5.      Defendant FARO Technologies, Inc. ("FARO") is incorporated in the State of
Florida and is headquartered at 250 Technology Park, Lake Mary, FL 32746.

## FACTS

6.      Askan is a mathematician, physicist, and software developer with graduate
degrees in mathematics and physics.

7.      FARO is a maker and seller of 3-D imaging equipment and technologies.

8.      Prior to June 25, 2012, Askan invented new, novel, non-obvious systems and
methods for generating smooth images from point cloud data produced by 3-D imaging
equipment such as laser scanners made by FARO.

9.      On June 25, 2012, Askan applied for a patent on his invention.

10.     On April 22, 2014, the U.S. Patent Office issued Patent No. 8,705,110 entitled
"Method of Generating a Smooth Image from Point Cloud Data" to Askan (the "'110 Patent").
(Ex. 1).

11.     On March 29, 2016, the U.S. Patent Office issued Patent No. 9,300,841 entitled
"Method of Generating a Smooth Image from Point Cloud Data" to Askan (the "'841 Patent").
(Ex. 2).

12.     On July 24, 2018, the U.S. Patent Office issued Patent No. 10,032,255 entitled
"System for Smoothing 3D Clouds" to Askan (the "'255 Patent"). (Ex. 3).

13.     All three patents claim priority back to June 25, 2012.

14.     Askan is the owner of the entire right, title, and interest in the patents.

15.     All maintenance fees for have been timely paid, and there are no fees currently
due, for the patents.

2

16.     On a date after June 25, 2012, FARO made, used, sold, offered to sell and imported 3D laser scanners that practice at least claim one of the '841 Patent and the '255 Patent.

17.     For example, the FARO 3D Focus range of scanners practice all the steps of at least one claim of the '841 Patent and the '255 Patent. One illustrative example is contained in the claim chart for the '841 Patent attached hereto as Exhibit 4.[1] Another illustrative example is contained in the claim chart for the '255 Patent attached hereto as Exhibit 5.[2]

18.     Askan has been irreparably harmed by FARO's infringement of his valuable patent rights.

19.     FARO's unauthorized, infringing use of Askan's patented systems and methods has threatened the value of his intellectual property because FARO's conduct results in Askan's loss of his lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

20.     FARO's disregard for Askan's property rights similarly threatens Askan's relationships with potential licensees of his intellectual property.

21.     FARO derives a competitive advantage from using Askan's patented technology without paying compensation for such use.

22.     Unless and until FARO's continued acts of infringement are enjoined, Askan will suffer further irreparable harm for which there is no adequate remedy at law.

23.     FARO's infringement of Askan's patents is willful.

---

[1] Askan provides the claim chart attached as Exhibit 4 and the materials therein for illustrative purposes to show a preliminary theory of infringement. Askan reserves the right to revise, update, amend or supplement the claim chart attached hereto and Askan's infringement contentions prior to a *Markman* hearing in this case and after receipt of discovery concerning all FARO infringing products.

[2] Askan provides the claim chart attached as Exhibit 5 and the materials therein for illustrative purposes to show a preliminary theory of infringement. Askan reserves the right to revise, update, amend or supplement the claim chart attached hereto and Askan's infringement contentions prior to a *Markman* hearing in this case and after receipt of discovery concerning all FARO infringing products.

3

24.     On a date prior to the issuance of the '841 Patent, Askan notified FARO that he had developed software that could generate a second point cloud data set representing a noise free and smoothed representation of a noisy point cloud produced by a FARO 3D scanner.

25.     FARO responded to Askan's notification and acknowledged receiving notice.

26.     Thereafter, Askan demonstrated his invention to FARO.

27.     After the '841 Patent issued, Askan notified FARO of its issuance and that FARO infringed on at least one claim of the '841 Patent.

28.     Despite receiving notice, FARO made, used, sold, offered to sell and imported 3D laser scanners that infringed.

29.     On a date prior to the issuance of the '255 Patent, Askan notified FARO that he had developed software that could generate a second point cloud data set representing a noise free and smoothed representation of a noisy point cloud produced by a FARO 3D scanner.

30.     FARO responded to Askan's notification and acknowledged receiving notice.

31.     Thereafter, Askan demonstrated his invention to FARO.

32.     After the '841 Patent issued, Askan notified FARO of its issuance and that FARO infringed on at least one claim of the '255 Patent.

33.     Despite receiving notice, FARO made, used, sold, offered to sell and imported 3D laser scanners that infringed.

34.     The FARO Focus 3d scanner range infringes on at least one claim of each patent-in-suit.

35.     On information and belief, the following additional FARO products may infringe at least one claim of each patent-in-suit, but FARO requires discovery in order to determine infringement definitively: FARO Scan Localizer, FARO Freestyle3D Scanner, FARO Gage,

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY, BOCA RATON, FL 33431

FARO ScanArm, FARO Laser Tracker, FARO Cobalt, Array 3D Imager, CAM2 Measure 10,

CAM2 SmartInspect, SCENE, 3D App Center, SCENE WebShare Cloud, SCENECT, FARO

CAD Zone, FARO Reality, FARO HD, FARO HD CSI, FARO Blitz, FARO 3D Software.

Askan does not presently assert infringement claims regarding these additional products, but

reserves the right to do so upon receipt of discovery from FARO.

## COUNT I
## Literal Infringement of the '841 Patent by FARO

36.     Askan restates the allegations set forth in paragraphs 1 to 35 above and

incorporates them herein by reference.

37.     FARO makes, uses, sells, offers to sell and/or imports into the United States for

subsequent sale or use products, services, methods or processes that directly infringe, or which

employ systems, components and/or steps that make use of other systems or processes that

directly infringe, at least claim 1 of the '841 Patent.

38.     FARO has been and continues to infringe one or more of the claims of the '841

Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

39.     FARO's wrongful conduct has caused Askan to suffer irreparable harm resulting

from the loss of his lawful patent rights to exclude others from making, using, selling, offering to

sell and importing the patented inventions.

40.     FARO's infringement has been willful, deliberate and with knowledge of

Plaintiffs' rights under the '841 Patent, and unless FARO is enjoined by this Court, such acts of

willful infringement will continue. Therefore, Askan is without adequate remedy at law.

41.     Askan is entitled to recover damages adequate to compensate for the infringement

of the '841 Patent, as well as additional damages for willful infringement.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY, BOCA RATON, FL 33431

## COUNT II
## Literal Infringement of the '255 Patent by FARO

42.     Askan restates the allegations set forth in paragraphs 1 to 35 above and

incorporates them herein by reference.

43.     FARO makes, uses, sells, offers to sell and/or imports into the United States for

subsequent sale or use products, services, methods or processes that directly infringe, or which

employ systems, components and/or steps that make use of other systems or processes that

directly infringe, at least claim 1 of the '255 Patent.

44.     FARO has been and continues to infringe one or more of the claims of the '255

Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

45.     FARO's wrongful conduct has caused Askan to suffer irreparable harm resulting

from the loss of his lawful patent rights to exclude others from making, using, selling, offering to

sell and importing the patented inventions.

46.     FARO's infringement has been willful, deliberate and with knowledge of

Plaintiffs' rights under the '255 Patent, and unless FARO is enjoined by this Court, such acts of

willful infringement will continue. Therefore, Askan is without adequate remedy at law.

47.     Askan is entitled to recover damages adequate to compensate for the infringement

of the '255 Patent, as well as additional damages for willful infringement.

## COUNT III
## Infringement by Equivalents of the '841 Patent by FARO

48.     Askan restates the allegations set forth in paragraphs 1 to 35 above and

incorporates them herein by reference.

49.     FARO makes, uses, sells, offers to sell and/or imports into the United States for

subsequent sale or use products, services, methods or processes that directly infringe, or which

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY, BOCA RATON, FL 33431

employ systems, components and/or steps that make use of other systems or processes that infringe by equivalents, at least claim 1 of the '841 Patent.

50.      FARO has been and continues to infringe one or more of the claims of the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

51.      FARO's wrongful conduct has caused Askan to suffer irreparable harm resulting from the loss of his lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

52.      FARO's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '841 Patent, and unless FARO is enjoined by this Court, such acts of willful infringement will continue. Therefore, Askan is without adequate remedy at law.

53.      Askan is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement.

**COUNT IV**
**Infringement by Equivalents of the '255 Patent by FARO**

54.      Askan restates the allegations set forth in paragraphs 1 to 35 above and incorporates them herein by reference.

55.      FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that infringe by equivalents, at least claim 1 of the '255 Patent.

56.      FARO has been and continues to infringe one or more of the claims of the '255 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.

7

57.     FARO's wrongful conduct has caused Askan to suffer irreparable harm resulting from the loss of his lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

58.     FARO's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '255 Patent, and unless FARO is enjoined by this Court, such acts of willful infringement will continue. Therefore, Askan is without adequate remedy at law.

59.     Askan is entitled to recover damages adequate to compensate for the infringement of the '255 Patent, as well as additional damages for willful infringement.

## COUNT V
## Inducement of Infringement of the '841 Patent by FARO

60.     Askan restates the allegations set forth in paragraphs 1 to 35 above and incorporates them herein by reference.

61.     FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe or infringe by equivalents, at least claim 1 of the '841 Patent.

62.     FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use 3D laser scanners including but not limited to the Faro 3D Focus scanner range that directly infringe or infringe by equivalents one or more of the claims of the '841 Patent.

63.     FARO, by making, using, selling, offering to sell and/or importing into the United States for subsequent sale or use 3D laser scanners including but not limited to the Faro 3D Focus scanner range to users that directly infringe or infringe by equivalents one or more of the

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY, BOCA RATON, FL 33431

claims of the '841 Patent with knowledge of the infringement, FARO possessed specific intent to encourage its customers to infringe one or more claims on the '841 Patent.

64.     Askan previously informed FARO of the '841 Patent and its relevance to FARO's business and products.

65.     Notwithstanding FARO's knowledge, FARO continued to induce infringement by its 3D scanner customers.

66.     Defendant's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '841 Patent, and unless Defendant are enjoined by this Court, such acts of willful infringement will continue. Therefore, Plaintiffs are without adequate remedy at law.

67.     Askan is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement.

## COUNT VI
## Inducement of Infringement of the '255 Patent by FARO

68.     Askan restates the allegations set forth in paragraphs 1 to 35 above and incorporates them herein by reference.

69.     FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use products, services, methods or processes that directly infringe, or which employ systems, components and/or steps that make use of other systems or processes that directly infringe or infringe by equivalents, at least claim 1 of the '255 Patent.

70.     FARO makes, uses, sells, offers to sell and/or imports into the United States for subsequent sale or use 3D laser scanners including but not limited to the Faro 3D Focus scanner range that directly infringe or infringe by equivalents one or more of the claims of the '255 Patent.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY, BOCA RATON, FL 33431

71.     FARO, by making, using, selling, offering to sell and/or importing into the United States for subsequent sale or use 3D laser scanners including but not limited to the Faro 3D Focus scanner range to users that directly infringe or infringe by equivalents one or more of the claims of the '255 Patent with knowledge of the infringement, FARO possessed specific intent to encourage its customers to infringe one or more claims on the '255 Patent.

72.     Askan previously informed FARO of the '255 Patent and its relevance to FARO's business and products.

73.     Notwithstanding FARO's knowledge, FARO continued to induce infringement by its 3D scanner customers.

74.     Defendant's infringement has been willful, deliberate and with knowledge of Plaintiffs' rights under the '255 Patent, and unless Defendant are enjoined by this Court, such acts of willful infringement will continue. Therefore, Plaintiffs are without adequate remedy at law.

75.     Askan is entitled to recover damages adequate to compensate for the infringement of the '255 Patent, as well as additional damages for willful infringement.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Askan prays for relief, as follows:

A.     A judgment that FARO has infringed, contributorily infringed, and/or induced infringement of one of more claims of each of the patents-in-suit;

B.     An order and judgment preliminarily and permanently enjoining FARO and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in

privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the patents-in-suit;

C.      A judgment awarding Askan all damages adequate to compensate for FARO's infringement of the Askan Patents, and in no event less than a reasonable royalty for FARO's acts of infringement, including all prejudgment and post judgment interest at the maximum rate permitted by law;

D.      A judgment awarding Askan all damages, including treble damages, based on any infringement found to be willful, under 35 U.S.C. § 284, together with prejudgment interest;

E.      Actual damages suffered by Askan as a result of FARO's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

F.      A judgment that this is an exceptional case and an award to Askan of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

G.      A judgment awarding Askan all damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

H.      A judgment that this is an exceptional case and an award to Askan of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

I.      And such other relief as this Court deems just and proper.

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY, BOCA RATON, FL 33431

Dated: November 14, 2018

/s/ Joel B. Rothman

JOEL B. ROTHMAN
FL Bar No. 98220
joel.rothman@sriplaw.com
ALEXANDER C. COHEN
FL Bar No. 1002715
alex.cohen@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY
LAW GROUP PLLC**
4651 N. Federal Hwy
Boca Raton, FL 33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Yoldas Askan*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on November 14, 2018, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

/s/ Joel B. Rothman

JOEL B. ROTHMAN

## SERVICE LIST

Ms. Nicolette C. Vilmos
Nelson Mullins Broad and Cassel
390 North Orange Avenue
Suite 1400
Orlando, FL 32801
nicolette.vilmos@nelsonmullins.com
Attorney for FARO Technologies, Inc.