# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**YOLDAS ASKAN,**

  **Plaintiff,**

**v.**                                                                 **Case No:  6:18-cv-1122-Orl-40DCI**

**FARO TECHNOLOGIES, INC. and
JOHN DOES 1-10,**

  **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SANCTIONS PURSUANT TO RULE 37(b)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE (Doc. 94)** |
| **FILED:** | **February 5, 2019** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

## I.    Background

On June 21, 2018, Plaintiff filed a Complaint in the Tampa Division alleging, in part, that Defendant infringed and continues to infringe upon Plaintiff's patents.[1]  *See* Doc. 1.  Since that time, this case been plagued with issues arising from Plaintiff's failure to adequately prosecute this

---

[1] Plaintiff subsequently filed an amended complaint.  Doc. 59.  In addition, Defendant filed a counterclaim against Plaintiff on November 28, 2018.  Doc. 64.

case.  Indeed, shortly after filing this case, Plaintiff failed to respond to an order to show cause why this case should not be transferred to the Orlando Division.  *See* Docs. 6; 10.

Once in the Orlando Division, Plaintiff's issues prosecuting this case continued.  Plaintiff failed to timely file a case management report despite Defendant's counsel repeatedly contacting Plaintiff's counsel regarding the filing of the report.  *See* Docs. 29 at 1 n.1.  Following Plaintiff's failure to timely file a case management report, the parties filed a case management report proposing various deadlines outside of the Track 2 period.  Docs. 32; 34.  The Court struck that case management report and set a hearing on the matter to be held on October 10, 2018.  *See* Docs. 34; 36; 37.  On the day before the hearing, Plaintiff filed a motion to appear telephonically at the hearing, which the Court promptly denied for failure to comply with Local Rule 3.01(g).  Docs. 38; 39.  In its Order denying the motion to appear telephonically, the Court directed Plaintiff that should he wish to re-file the motion, he shall provide the Court with three potential dates to reschedule the hearing.  Doc. 39.  Plaintiff never filed a renewed motion to appear telephonically. The following day, Plaintiff failed to appear for the hearing.  Doc. 40.  The Court then ordered Plaintiff to appear before the Court to show cause why he and his counsel, Wayne V. Harper, should not be sanctioned for their failure to appear at the scheduled hearing.  Doc. 41.  After providing Mr. Harper an opportunity to be heard at the hearing, the Court found that Mr. Harper was personally liable for the reasonable expenses, including attorney fees, that Defendant incurred attending the Court's October 10, 2018 hearing.  Doc. 45.  On October 26, 2018, Mr. Harper withdrew from this case and the Court directed Plaintiff that he will proceed pro se unless and until new counsel makes an appearance on his behalf.  Doc. 47.

On November 7, 2018, new counsel appeared on behalf of Plaintiff, but withdrew shortly thereafter citing irreconcilable differences.  Docs. 51; 52; 65, 66, 67, 68.  The Court again directed

Plaintiff that he will proceed pro se unless and until new counsel makes an appearance on his behalf. Doc. 68. While proceeding pro se, Plaintiff repeatedly engaged in inappropriate and unprofessional behavior. *See* Docs. 69 at 7; 72; 73 at 2; 73-2; 73-4; 75; 76; 87; 88.

On December 5, 2018, Defendant filed a motion to compel Plaintiff to respond to Defendant's first request for production. Doc. 69. Plaintiff responded to that motion on December 21, 2018 arguing, in part, that he responded to Defendant's first request for production "within 48 hours" of learning that Defendant had not received Plaintiff's response. Doc. 77. However, Defendant argues that Plaintiff's response was deficient and that Defendant outlined these deficiencies to Plaintiff. Doc. 90.

On January 2, 2019, Mr. Harper, Plaintiff's original counsel, filed a notice of appearance on behalf of Plaintiff. Doc. 84. Following that notice of appearance, the Court set Defendant's motion to compel for a hearing to be held on January 23, 2019. Doc. 86. At the hearing, it became clear that Plaintiff had not fully responded to Defendant's first request for production. Therefore, the Court ordered Plaintiff to fully respond to Defendant's first request for production on or before January 30, 2019. (Doc. 93, the Order). The Court also awarded Defendant its fees incurred in making the motion to compel. *Id*.

On February 5, 2019, Defendant filed a motion for sanctions pursuant to Rule 37(b)(2). (Doc. 94, the Motion). Defendant alleges that, "[n]otwithstanding this Court's Order requiring Plaintiff to 'fully respond to Defendant's RFP' on or before January 30, 2019, Plaintiff has not attempted to comply with this Court's Order." *Id*. Indeed, Defendant alleges that despite numerous attempts, it has been unable to contact Mr. Harper since the January 23, 2019 hearing.[2] *Id*. Thus, Defendant asks the Court to sanction Plaintiff pursuant to Federal Rule of Civil

---

[2] Defendant has previously alleged difficulties contacting Mr. Harper. *See* Docs. 30 at 1 n.1; 43.

Procedure 37(b)(2)(A).  *Id*.  Specifically, Defendant asks the Court to dismiss this action with prejudice, or, in the alternative, enter default judgment against Plaintiff on Defendant's counterclaim.  *Id*.  Defendant also seeks attorney fees and costs.  *Id*.

Plaintiff failed to respond to the Motion, which is now ripe for consideration.

## II.    The Applicable Law

The Federal Rules of Civil Procedure provide the Court with authority to impose a variety of sanctions on a party who fails to comply with a discovery order.  Fed. R. Civ. P. 37(b)(2)(A). Specifically, the Court may impose one or more of the following sanctions:

(i)     Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii)    Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii)   Striking pleadings in whole or in part;

(iv)    Staying further proceedings until the order is obeyed;

(v)     Dismissing the action or proceeding in whole or in part;

(vi)    Rendering a default judgment against the disobedient party;

(vii)   Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

*Id*.  "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (per curiam) (citation omitted).  The Court enjoys "broad discretion to fashion appropriate sanctions for violation of discovery orders[.]" *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

However, "in fashioning sanctions, courts should ensure that the sanctions are just and proportionate to the offense." *Wallace v. Superclubs Props., Ltd.*, 2009 WL 2461775, at \*5 (S.D. Fla. Aug. 10, 2009) (internal quotation marks and citations omitted).  Indeed, the "severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *U.S. v. 32%2C Scorpion Go-Fast Vessel*, 339 F. App'x 903, 905 (11th Cir. 2009) (per curiam) (noting that the court is not required to first impose lesser sanctions if doing so would be ineffective) (citation and quotations omitted); *see also Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977) (per curiam) ("Dismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances.") (citations omitted).[3]  Further, dismissing the action or rendering a default judgment pursuant to Rule 37(b) is justified only if a party willfully or in bad faith failed to obey a discovery order.  *See id.* (discussing the sanction of dismissal) (citation omitted); *Fountain v. U.S.*, 725 F. App'x 891, 893 (11th Cir. 2018) (per curiam) (discussing the sanction of dismissal and noting that a party's disregard of responsibilities also justifies dismissal) (citation omitted); *Maus v. Ennis*, 513 F. App'x. 872, 878 (11th Cir. 2013) (per curiam) (discussing the sanction of default judgment) (citation omitted).  A dismissal or default judgment is not justified if the party's failure to comply was the result of simple negligence, a misunderstanding, or an inability to comply.  *32%2C Scorpion Go-Gast Vessel*, 339 F. App'x at 905 (discussing the sanction of dismissal) (citation omitted); *Maus*, 513 F. App'x at 878 (discussing the sanction of default judgment) (citation omitted).

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Further, "[i]nstead of or in addition to" the sanctions listed in Rule 37(b)(2)(A), once the Court finds that a party has failed to comply with its order it "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III.   Discussion

First and foremost, the undersigned finds that the Motion is due to be granted as unopposed. Indeed, the Court routinely grants motions as unopposed where the opposing party has not filed a response in opposition to the motion. *See* Doc. 54 at 12 ("Where no memorandum in opposition has been filed, the Court routinely grants the motion as unopposed."); Local Rule 3.01(b) ("Each party opposing a motion . . . **shall** file within fourteen (14) days after service of the motion . . . a response that includes a memorandum of legal authority in opposition to the request . . . .") (emphasis added). Here, Defendant requests dismissal of this case with prejudice, and Plaintiff has not opposed that request.

Regardless, the undersigned finds that Plaintiff willfully, in bad faith, and in disregard of his responsibilities failed to comply with the Court's Order. Mr. Harper attended the January 23, 2019 hearing before the undersigned and was personally told by the undersigned that Plaintiff would be provided one week to fully respond to Defendant's first request for production. That same day, the undersigned entered a written order setting forth the date certain for Plaintiff's response. Doc. 93. Yet, despite this clear notice of Plaintiff's deadline to respond to Defendant's first request for production, Plaintiff not only failed to respond, but also ceased communicating with Defendant's counsel. Then, when given an opportunity to justify his actions in response to the Motion, Plaintiff failed to provide any credible explanation or evidence to suggest that he

misunderstood or was somehow unable to comply with the Court's Order.  Indeed, Plaintiff provided no response at all.

In addition, the undersigned finds that no lesser sanction would be effective.  Mr. Harper was previously sanctioned for failing to appear for a hearing before the undersigned, and Plaintiff was previously sanctioned for failing to respond to Defendant's first request for production.  Yet, despite a clear Order commanding Plaintiff to respond to Defendant's first request for production, Plaintiff ceased communicating with Defendant's counsel and again failed to respond to Defendant's first request for production, despite having already been sanctioned monetarily by the Court.  Given all of the foregoing, and the history of this case set forth *supra*, the undersigned finds that the sanction of dismissal is appropriate and, in fact, necessary.  Indeed, since this case was filed a mere eight months ago, Plaintiff has been sanctioned twice and has failed to: respond to an order to show cause; timely file a case management report; appear for a hearing; comply with the Court's Order compelling discovery; and, most recently, respond to three separate motions filed by Defendant.[4]

Finally, the undersigned finds that Plaintiff's failure to comply with the Court's Order was not substantially justified and that other circumstances do not make an award of expenses unjust.  Therefore, pursuant to Rule 37(b)(2)(C), the undersigned finds that Plaintiff should pay Defendant's reasonable expenses, including attorney fees, caused by Plaintiff's failure to comply with the Court's Order.

---

[4] In addition to the Motion, Plaintiff also failed to respond to Defendant's renewed motion for protective order and Defendant's motion to quantify attorney fees.  *See* Docs. 95; 96.

## IV.    Conclusion

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 94) be **GRANTED in part** as follows:

1. The action be **DISMISSED** in whole pursuant to Rule 37(b)(2)(A)(v)[5];

2. Defendant be **AWARDED** its reasonable expenses, including attorney fees, caused by Plaintiff's failure to comply with the Court's Order (Doc. 93);

3. Defendant's Renewed Motion for Protective Order (Doc. 95) be **DENIED as moot**;

4. The Motion (Doc. 94) be otherwise **DENIED**; and

5. The Clerk be **DIRECTED** to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on February 22, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

---

[5] The undersigned notes that Defendant appears to ask for the entire action, including the counterclaim, to be dismissed.  Thus, the undersigned's recommendation includes dismissal of the counterclaim.

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy