**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

YOLDAS ASKAN,

        Plaintiff,

v.                                                Case No:  6:18-cv-1122-Orl-40DCI

FARO TECHNOLOGIES, INC. and
JOHN DOES 1-10,

        Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant's Motions for Sanctions (Doc. 94 (the "**Motion**")), filed February 5, 2019. On February 22, 2019, Magistrate Judge Daniel C. Irick submitted a Report (Doc. 97 (the "**Report**")), recommending that the Motion be granted in part and that the action be dismissed. On March 3, 2019, Defendant Faro Technologies, Inc. ("**Faro**") filed an Objection (Doc. 101). Upon *de novo* review, the Court agrees with the findings and conclusions in the Report.

Faro does not object to the findings of facts or conclusions of law set forth in the Report. (*Id.* at p. 2). Rather, Faro objects only to the extent the Report does not recommend dismissal with prejudice. (*Id.*). The Report recommends that the case be "**DISMISSED** in whole," without specifying the nature of the dismissal. (Doc. 97, p. 8). Therefore, "in an abundance of caution, Faro objects to the extent that it is recommended that dismissal be made with prejudice." (Doc. 101, p. 3).

Federal Rule of Civil Procedure 37 empowers the district court to compel compliance with discovery procedures though a broad choice of remedies and penalties,

including dismissal with prejudice. *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977).[1] "Dismissal of a complaint with prejudice is such a drastic remedy that a district court should only apply it only in extreme circumstances." *Id.* However, dismissal with prejudice may be appropriate where a plaintiff's failure to comply involves "either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply." *Id.*

The Court finds that dismissal with prejudice is appropriate. As noted in the Report, Plaintiff has "willfully, in bad faith, and in disregard of his responsibilities failed to comply with the Court's Order." (Doc. 97, p. 6). Furthermore, since the case was filed eight months ago, "Plaintiff has been sanctioned twice and has failed to: respond to an order to show cause; timely file a case management report; appear for a hearing; comply with the Court's Order compelling discovery; and, most recently, respond to three separate motions by Defendant." (*Id.* at p. 7).[2] These repeated violations establish a "clear record of delay or willful contempt," far beyond mere negligence or confusion. *See Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 2010). Given these "extreme circumstances," the Court finds that dismissal with prejudice is warranted. *See Griffin*, 564 F.2d at 1172.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Objection (Doc. 101) is **ADOPTED**.
2. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 97) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] Plaintiff did not object to the Report.

3. Defendant's Motion for Sanctions (Doc. 94) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The action is **DISMISSED WITH PREJUDICE**;

    b. Defendant is **AWARDED** its reasonable expenses, including attorney fees, caused by Plaintiff's failure to comply with the Court's Order (Doc. 93); and

    c. The Motion is otherwise **DENIED**.

4. Defendant's Renewed Motion for Protective Order (Doc. 95) is **DENIED as moot**.

5. Defendant's Motion to Dismiss (Doc. 98) is **DENIED as moot.**

6. Defendant's Motion for Claim Construction Order (Doc. 99) is **DENIED as moot.**

7. The Court retains jurisdiction to determine the proper amount of an award of attorneys' fees and costs. The Clerk of Court is **DIRECTED** to close the case.

**DONE AND ORDERED** in Orlando, Florida on March 11, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties